[Cite as *In re J.W.*, 2018-Ohio-2020.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **O P I N I O N** |
| J.W., M.W., L.W., AND K.W., ABUSED, NEGLECTED AND DEPENDENT CHILDREN | : | |
| | : | **CASE NO. 2017-G-0139** |

Civil Appeal from the Geauga County Court of Common Pleas, Juvenile Division, Case No. 2014 JF 000213.

Judgment: Remanded.

*James R. Flaiz*, Geauga County Prosecutor, and *Kelly M. Wallenfelsz*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Appellee, Geauga County Department of Job and Family Services).

*Gregory J. Wysin*, 2037 Brady Lake Road, Kent, OH 44240 (For Appellant, Alison Ward).

*Jay F. Crook*, Shryock, Crook & Associates, LLP, 30601 Euclid Avenue, Wickliffe, OH 44092 (For Geauga County CASA).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Alison Ward, appeals the September 19, 2017 judgment terminating her parental rights and granting permanent custody of her four minor children to the Geauga County Department of Job and Family Services ("GCDJFS").

{¶2} Appellant raises four assignments of error.

{¶3} "[1.] The trial court committed reversible, plain error by acting outside the bounds of its jurisdiction when it extended temporary custody of the children to the Geauga County Department of Job and Family Services beyond the two-year limitation mandated by R.C. 2151.415(D)(4) in its judgment issued December 16, 2016.

{¶4} "[2.] The trial court committed plain, reversible error by acting outside the bounds of its jurisdiction when it proceeded to entertain custodial motions after it had ostensibly vacated its December 16, 2016 judgment entry granting legal custody to the Mannings, and failed to return the children into either their mother's custody, or into the legal custody of the Mannings.

{¶5} "[3.] The court committed reversible error when it found that the Geauga County Department of Job and Family Services had engaged in reasonable case planning and diligent efforts to assist Ms. Ward in repairing her relationships with her children and to finalize permanency for the children after those efforts were subverted by a rogue GAL, acting beyond the scope of her appointment, and assisted by the children's counsel.

{¶6} "[4.] The court committed reversible error when it permitted counsel for the Department of Job and Family Services to prosecute the permanent custody motion despite the fact that the same attorney had previously represented mother during the pendency of the proceedings pursuant to an indigent court appointment."

{¶7} In her fourth assignment of error, appellant claims reversible error based on a violation of her Sixth Amendment Right to conflict-free assistance of counsel. She contends the trial court erred in permitting Donovan DeLuca, counsel for GCDJFS, to prosecute the permanent custody motion even though he had previously represented her during the pendency of the proceedings pursuant to court appointment.

{¶8} Attorney DeLuca was appointed by the trial court on August 4, 2014 as appellant's co-counsel along with the Geauga County Assistant Public Defender, Colleen

2

R. Del Balso, to represent her at an adjudicatory hearing set seven days later, August 11, 2014. The next day, August 5, 2014, the Geauga County Assistant Public Defender moved for leave to withdraw as counsel for appellant. For cause, Del Balso details her efforts to meet with appellant, and appellant's responses in which she cancels the prescheduled meetings. Del Balso also advises the court of appellant's repeated statements that she is hiring Attorney Paul Mooney to represent her. The trial court granted Del Balso's motion on the same day it was filed. Attorney Paul Mooney filed his notice of appearance for appellant, a motion for discovery, and a motion to continue the adjudicatory hearing on August 7, 2014. Attorney DeLuca is not listed as co-counsel and is likewise not listed in the certificate of service. The trial court granted appellant's motions on August 8, 2014 and does not list Attorney DeLuca as an attorney receiving a copy of the judgment via Civ.R. 58(B). On August 13, 2014, the trial court sua sponte "dismisses" Attorney DeLuca as appellant's attorney.

{¶9} There are no pleadings filed on appellant's behalf by Attorney DeLuca, and appellant does not direct our attention to any resulting prejudice from DeLuca's limited appearance. She did not object or argue that a conflict existed on this basis during the trial court proceedings.

{¶10} In *State v. Gillard*, 64 Ohio St.3d 304, 595 N.E.2d 878 (1992), the Supreme Court addressed a comparable issue in a criminal action during which defense counsel represented co-defendants at a preliminary hearing and then represented one of them in the trial, even though the other eventually testified on behalf of the state. The Supreme Court held that there was a clear *possibility* of a conflict of interest and that the trial court knew or should have known that a possible conflict of interest existed that could have affected counsel's representation. In addressing the issue, *Gillard* differentiated between an actual and a possible conflict of interest:

3

{¶11} "Where a trial court knows or reasonably should know of an attorney's possible conflict of interest in the representation of a person charged with a crime, the trial court has an affirmative duty to inquire whether a conflict of interest actually exists. The duty to inquire arises not only from the general principles of fundamental fairness, but from the principle that where there is a right to counsel, there is a correlative right to representation free from conflicts of interest. * * * Where a trial court breaches its affirmative duty to inquire, a criminal defendant's rights to counsel and to a fair trial are impermissibly imperiled and prejudice or 'adverse effect' will be presumed. * * *

{¶12} "Although we cannot be sure that an actual conflict of interest existed, there is a clear possibility of conflict of interest on the facts of this case. We find that the trial court knew (or at *least* should have known) that a possible conflict of interest existed which could affect [counsel's] representation of appellant. * * * The trial court was constitutionally required to conduct an inquiry into the possible conflict of interest to determine whether *appellant* had received, and would receive, the right to conflict-free counsel guaranteed him by the Sixth Amendment to the United States Constitution.

{¶13} "* * *

{¶14} "[W]e remand the cause to the trial court with instructions to conduct a hearing to determine whether an actual conflict of interest existed in [counsel's] representation of appellant. If, upon remand, the trial court finds that an actual conflict of interest existed, the trial court is hereby ordered to conduct a new trial free from conflicts of interest." *Id*. at 311-312.

{¶15} As in *Gillard*, supra, a *possible* conflict of interest is apparent because DeLuca "represented" both appellant and GCDJFS during the same proceedings. What is not apparent, however, is whether Attorney DeLuca ever undertook any steps in representing appellant or whether his "representation" was only on paper via the court's

4

appointment. Consistent with *Gillard*, a hearing is necessary to ensure that appellant received conflict-free representation. "'[A]n actual conflict of interest' mean[s] a conflict *that affected counsel's performance*—as opposed to a mere theoretical division of loyalties." (Emphasis sic.) *Mickens v. Taylor*, 535 U.S. 162, 171, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002).

{¶16} Accordingly, and consistent with the Supreme Court's decision in *Gillard*, we remand this case for fifteen (15) days from the date of this opinion for the trial court to conduct a hearing to determine whether an actual conflict of interest existed. *But see Krauss v. Daniels,* 6th Dist. Wood No. WD-98-076, 1999 WL 435114, *4 (June 30, 1999), citing *Hendrickson v. Maenle,* 6th Dist. Lucas No. L-90-366, 1991 WL 270409, *6 (Dec. 20, 1991), *cause dismissed,* 63 Ohio St.3d 1470, 590 N.E.2d 1269 (1992) (finding App.R. 12(D) vests appellate courts with the authority of limited remand only where we reverse the trial court based on a finding of prejudicial error); Ohio Constitution, Article IV, Section 3. If it finds an actual conflict of interest, then it shall conduct a new permanent custody hearing free from conflicts of interest. *Gillard*, supra. If the trial court finds no actual conflict of interest, then no further proceedings are required, and the trial court is ordered to return the case to us so that we may complete our appellate review. *Id.*

{¶17} We remand for further proceedings consistent with this opinion.


CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.